**AMENDED CLD-133**                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1629
_____

IN RE: TODD ELLIOTT KOGER, SR.,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:22-cv-01823)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 27, 2023

Before: SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: May 31, 2023)
_____

OPINION[*]
_____

PER CURIAM

      Todd Elliott Koger, Sr., a frequent filer in the federal courts, has filed in our Court

a pro se petition for a writ of mandamus. The petition, which is far from a model of clarity,

appears to (1) take issue with what has transpired in various Pennsylvania state-court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

proceedings involving Koger and/or certain real property in Pittsburgh, and (2) allege that "Wilkinsburg et al[.]" has breached a 1992 settlement agreement involving Koger and otherwise wronged him.

Although Koger generally refers to our authority to grant mandamus relief, he does not make clear what form of mandamus relief he is seeking here.[1] And he has failed to show that he is entitled to *any* form of mandamus relief. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (explaining that, to obtain a writ of mandamus, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances" (alteration in original) (internal quotation marks omitted)); *see also Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal). Accordingly, we will deny his petition.[2]

---

[1] Recently, Koger removed to the United States District Court for the Western District of Pennsylvania an ejectment action that had been filed against him in Pennsylvania state court. In January 2023, the District Court remanded the case to state court based on the District Court's conclusion that it lacked subject matter jurisdiction. (*See* Dist. Ct. Order entered January 4, 2023, in Case No. 2:22-cv-01823.) Koger appealed from that remand order, and we dismissed that appeal for lack of appellate jurisdiction in March 2023. *See Usorph v. Koger*, C.A. No. 23-1029. Although the caption of Koger's motion to proceed in forma pauperis filed in this mandamus action indicates that his mandamus petition is "[r]elated" to that District Court case, the petition itself does not appear to seek any relief in connection with those District Court proceedings.

[2] Koger's "Amended Petition for Emergency TRO Injunctive Relief," which appears to seek a temporary restraining order, is denied.